NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
ATLANTIC RECORDING CORP., et al.,   :
                                    :
            Plaintiffs,             :       Civil No. 06-5572 (RBK)
                                    :
      v.                            :       **OPINION**
                                    :
SCOTT PANCRAZIO,                    :
                                    :
            Defendant.              :
_____ :

**O P I N I O N**

**KUGLER**, United States District Judge:

THIS MATTER comes before the Court on the motion of Plaintiffs Atlantic Recording Corporation; Warner Bros. Records Inc.; Capitol Records, Inc.; Virgin Records America, Inc.; UMG Recordings, Inc.; Sony BMG Music Entertainment; and BMG Music (collectively, "Plaintiffs") for entry of default judgment pursuant to Federal Rule of Civil Procedure 55 against Defendant Scott Pancrazio ("Defendant"). Because Defendant has failed to appear, answer, or otherwise defend in this matter, and the Court is satisfied that the complaint establishes a legitimate cause of action, the Court grants Plaintiffs' motion.

**I.      BACKGROUND**

On November 21, 2006 Plaintiffs filed the Complaint in this action, alleging that Defendant violated the copyright laws of the United States by using an online media distribution system to download, distribute, and make available for distribution to others copyrighted sound

recordings. (Compl. ¶ 19.) See 17 U.S.C. § 501. Specifically, Plaintiffs allege that Defendant infringed upon the copyrights of nine sound recordings for which Plaintiffs are the copyright owners. (Compl. ¶ 13.) These nine recordings are "Who Will Save Your Soul" by Jewel, "Like a Virgin" by Madonna, "Heart of Glass" by Blondie, "Bullet with Butterfly Wings" by the Smashing Pumpkins, "Stop Being Greedy" by DMX, "5 Steps" by Dru Hill, "All Cried Out" by Allure, "My All" by Mariah Carey, and "I Love You" by Martina McBride. (Compl. Exh. A.) Service of process was effected on February 8, 2007, when the complaint and supporting documents were served upon Defendant's spouse. Defendant failed to respond in any way. On March 19, 2007, the Clerk of the Court filed an Entry of Default against Defendant at the request of Plaintiffs. The following day, Plaintiffs filed this motion for default judgment, seeking statutory damages totaling $6,750; injunctive relief; and costs.

## II.    STANDARD

Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to plead or otherwise defend an action. Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990) ("When a defendant fails to appear . . . , the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred."). The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such "discretion is not without limits, however, and we have repeatedly stated our preference that cases be disposed of on the merits whenever practicable." Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984) (citations omitted).

Although the Court should accept as true the well-pleaded factual allegations of the Complaint, the Court need not accept the moving party's legal conclusions or allegations relating

to the amount of damages. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990); Directv, Inc. v. Asher, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Charles A. Wright, Arthur R. Miller & Mary Kay Kane, 10A Federal Practice and Procedure § 2688, at 58-59, 63 (3d ed. 1998)). Consequently, before granting a default judgment, the Court must first ascertain whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Asher, 2006 WL 680533, at *1 (citing Wright, Miller, & Kane, § 2688, at 63). The Court must therefore determine if Plaintiffs have stated a legitimate cause of action under copyright law. To establish a claim of copyright infringement under 17 U.S.C. § 501, a plaintiff must establish: (1) ownership of a valid copyright and (2) unauthorized copying of original elements of the plaintiff's work. Dun & Bradstreet Software Svcs., Inc. v. Grace Consulting Inc., 307 F.3d 197, 206 (3d Cir. 2002).

### III. DISCUSSION

#### A. Cause of Action

Plaintiffs allege that they own the copyrights on the nine sound recordings ("the Copyrighted Recordings") in question, and they also allege that Defendant "has used, and continues to use, an online media distribution system to download the Copyrighted Recordings, to distribute the Copyrighted Recordings to the public, and/or to make the Copyrighted Recordings available for distribution to others." The Courts accepts these allegations as true and finds that these facts do state a cause of action for copyright infringement. See In re Aimster Copyright Litig., 334 F.3d 643, 645 (7th Cir. 2003), cert. denied sub nom Deep v. Recording Indus. Ass'n of Am., Inc., 540 U.S. 1107 (2004) ("If the music is copyrighted, such swapping, which involves making and transmitting a digital copy of the music, infringes copyright. The swappers, who are ignorant or more commonly disdainful of copyright and in any event discount

the likelihood of being sued or prosecuted for copyright infringement, are the direct infringers."); see also A&M Records v. Napster, Inc., 239 F.3d 1004, 1014 (9th Cir. 2001).

Though Plaintiffs have stated a claim on which a default judgment may be entered, the Court must now examine the factors set out by the Third Circuit in Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3rd Cir. 1987) to determine if default is appropriate.  The applicable factors are: (1) whether denying the default would prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions.  Id.

Where Defendant has not filed any responsive pleadings, it is impossible to evaluate whether he may have a meritorious defense or whether the defaulting conduct is in any way excusable.  Additionally, it is clear that denying the entry of default would prejudice Plaintiffs and no other sanctions are appropriate, because Plaintiffs have no other means of vindicating their claims.  Therefore, the Court finds that a default judgment against Defendant is appropriate in this case.  See also BMG Music, et al., v. Champagne, No. 06-1251, 2006 WL 3833473 (D.N.J Dec. 29, 2006).

**B.  Damages**

A copyright owner may seek either actual damages or alternatively, "an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just."  17 U.S.C. § 504(c)(1).  Whether this Court awards damages at the higher or lower end of this range "depends largely upon whether a defendant's infringement was wilful, knowing, or merely innocent."  Broadcast Music v. 84-88 Broadway, 942 F. Supp. 225, 232 (D.N.J. 1996) (quotation

omitted); BMG Music, 2006 WL 3833473, *3 .  Rather than seek actual damages, Plaintiffs have elected to request the statutory minimum of $750 for each copyright infringed.  Because Plaintiffs request the minimum amount provided by the statute, the Court is not required to determine if the acts of infringement were committed willfully and will not need to hold an evidentiary hearing to decide that the statutory minimum is just.  Consequently, the Court awards Plaintiffs $750.00 per work infringed, for a total of $6,750.00.

    **C.**    **Costs**

"[T[he court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."  17 U.S.C. § 505.  Plaintiffs have provided the affidavit of Karen Conroy, detailing that Plaintiffs "have incurred costs in this case in the amount of $420.00, which includes a statutory filing fee in the amount of $350.00 and costs of service in the amount of $70.00."  (Conroy Aff. ¶ 6.)  The Court awards these costs to Plaintiffs.

    **D.**    **Injunction**

A district court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."  17 U.S.C. § 502(a).  A permanent injunction may issue when the Court's exercise of equity jurisdiction is proper, the plaintiff has succeeded on the merits, and the balance of the equities tips in favor of injunctive relief.  Chao v. Rothermel, 327 F.3d 223, 228 (3rd Cir. 2003).

As to the first prong, equity jurisdiction is proper where (1) plaintiff has no adequate legal remedy; (2) the threatened injury is real, not imagined; and (3) no equitable defenses exist.  Roe v. Operation Rescue, 919 F.2d 857, 868 n. 8 (3rd Cir. 1990).  Equity jurisdiction is specifically

provided for in 17 U.S.C. § 502(a): "Any court having jurisdiction of a civil action arising under this title may. . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."  Where, as here, Defendant's actions in participating in an online media distribution system have left the copyrighted works at issue vulnerable to widespread infringement, a legal remedy is insufficient and the threatened injury is real.  Defendant has not appeared to raise any equitable defenses, and so equity jurisdiction is proper.

With regard to the second prong of the test for the grant of a permanent injunction, the entry of the default judgment has established Plaintiff's success on the merits.  Finally, as to the third issue, the balance of the equities weighs in favor of a permanent injunction, as Defendant's conduct was in violation of Plaintiffs' protected exclusive rights and served no legitimate public purpose.  There is no indication that Defendant has ceased this conduct or will voluntarily refrain from infringing Plaintiffs' copyrights in the future.  See also Gucci America v. Daffy's Inc., 354 F.3d 228, 236 (3rd Cir. 2003) (upholding district court's denial of injunctive relief where Defendant had voluntarily ceased potentially infringing conduct).  The Court therefore grants Plaintiffs' request and enjoins Defendant from infringing upon copyrights held by Plaintiffs.

### IV.  CONCLUSION

For the foregoing reasons, the Court will enter default judgment against Defendant in the amount of $6,750.00 and award $420.00 in costs.  The Court will also enjoin Defendant from infringing upon copyrights held by Plaintiffs.  An accompanying order will issue today.


Dated:   10/16/2007                               /s/ Robert B. Kugler
                                                 ROBERT B. KUGLER
                                                 United States District Judge